U.S. DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SUSAN HALE; THE ESTATE OF | § | |
| STEPHEN McCORMACK | § | |
| Plaintiff's | § | |
| | § | CIVIL ACTION 4:19-cv-337 |
| V. | § | |
| | § | |
| DENTON COUNTY; Tracy Murphree | § | JURY TRIAL DEMANDED |
| DOES 1-50, inclusive, | § | |
| Defendants. | § | |
| | § | |

## PLAINTIFF'S COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Stephen McCormack, Decedent, and Susan Hale ("Plaintiffs") bring this action pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, 1343, and the Eighth And Fourteenth Amendments of the United States Constitution, to vindicate their rights for acts that resulted in the wrongful death of Decedent Stephen McCormack and files this, their Original Complaint, complaining of Denton County, DOES 1-50, and Sheriff Tracy Murphree (collectively, "Defendants"), and for cause of action would show the Court as follows:

## INTRODUCTION

On 29 August 2017 at about 3 PM, decedent Stephen McCormack was arrested by Lewisville Police Department for a Pardon and Parole Warrant from Texas Department of Criminal Justice (TDCJ). The following day on 30 August 2017 at or around 10:27 AM, Mr. McCormack arrived at Denton County Jail. While at Denton County Jail, he was physically exhibiting signs that he was suffering the adverse effects of drug ingestion, but he received no, or negligible, medical attention. McCormack reported GHB use to the detention facility officers multiple times. It was not until Mr. McCormack was found lying unresponsive in his cell that emergency medical service (EMS) personnel were called. He was transported to a hospital at or

around 3:54 PM, and his condition continued to deteriorate.  Mr. McCormack died on 5

September 2017 due to the effects of his drug usage and lack of timely medical attention by

Denton County officers.


### 1. Parties

1. This action arises from the wrongful death of Stephen McCormack , who was at  times of the incident made herein, an individual in the custody of the Denton County Jail, Denton, Texas.  Plaintiff Susan Hale is McCormack's mother.  She is also a resident of Denton County.  She is the personal representative of the Estate of Stephen McCormack. The sole heir of his estate is Susan Hale.

2. Defendant Denton County ("County") is and at all times mentioned herein was a public entity authorized by law to establish certain departments responsible for enforcing the laws and protecting the welfare of the citizens of Denton County.  At all times mentioned herein, Defendant County was responsible for overseeing the operation, management, and supervision of the Denton County Corrections Facility, the Denton County Sheriff's Department, Defendant Sheriff Tracy Murphree, as well as the Sheriff's deputies, corrections officers, and medical staff.

3. The names of the individual Sheriff's deputies, corrections officers, and medical staff who were responsible for the care and custody of Stephen McCormack, and who were responsible for the implementation of policies and procedures designed to ensure that the medical needs of Denton County inmates are adequately met, are currently unknown to plaintiff.  As such, these individuals are sued as DOES 1-50.

4. Defendant Tracy Murphree is, and at all times herein mentioned was, Sheriff of Defendant County.  As such he is responsible for supervising, operating, and managing Denton County Jail.

5. The true names and capacities whether individual, corporate, associate or otherwise, of defendants herein as DOES 1 through 50 are unknown to plaintiff, who therefore sue said defendants by said fictitious names.  Plaintiff will amend this complaint to show said defendants' true names and capacities when the same have been ascertained.  Plaintiff informed and believes and thereon alleges that all defendants sued herein as DOES are in some manner responsible for the acts and injuries alleged herein.

6. At all times mentioned herein Defendant Murphree, unknown medical staff and jail officers named herein as DOES 1 through 50 were employed by, or contractors for, Defendant Denton County and in doing the acts hereinafter described acted within the course and scope of their employment.  The acts of all defendants and each of them were also done under the color and pretense of the statutes, ordinances, and regulations of the County of Denton and in the State of Texas.

7. In committing the acts and/or omissions alleged herein, all defendants acted under color of authority and/or under color of law.  Plaintiff sues all public employees named as Defendants in their individual capacities.

8. Shortly after the events alleged herein, plaintiff Susan Hale filed a claim with the County of Denton. A response to the claim was never answered or received.

## 2.  JURISDICTION

9. This action is brought pursuant to 42 U.S.C. § 1983 and the EIGHTH and FOURTEENTH AMENDMENTS to the United States Constitution, for wrongful death

and violation of constitutional rights by Defendant County of Denton and its correctional officers. Accordingly, the Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1343. This Court similarly has supplemental jurisdiction over Plaintiffs' state law claims for wrongful death, negligence, failure to summon medical care, negligent supervision and training are alleged as well pursuant to 28 USC § 1367, as those claims form part of the same case or controversy under Article III of the United States Constitution.

### 3. VENUE

10. Venue is proper in the Eastern District of Texas under 28 U.S.C. § 1391(b)(1) and (2) because the acts, events or omissions giving rise to this claim occurred in Denton, Denton County, Texas, which falls within the United District Court for the Eastern District of Texas, Sherman Division.

### 4. CONDITIONS PRECEDENT

11. All conditions precedent have been performed or have occurred.

### 5. BACKGROUND FACTS RELEVANT TO ALL COUNTS

12. On 29 August 2017, officers of the Lewisville, Texas Police Department came in contact with Stephen McCormack after receiving complaints of a female and a male ingesting drugs in the bathroom of a public establishment.

13. Lewisville Police Department Officer ran Stephen McCormack's name and found out he had a pending Pardon and Parole Warrant from TDCJ.

14. Mr. McCormack was arrested and transported to Lewisville Police Department jail, where he remained less than twelve hours before being transported to Denton County jail.

15. When he arrived at the Denton County jail around 10 AM, McCormack was exhibiting signs of drug intoxication and overdose.   He was sweating profusely and acting frigidly.

16. Defendant Denton County Deputy Nick Sulouff noticed McCormack McCormack's behavior and inquired about his well-being but never took measures to obtain medical care.

17. Stephen McCormack was then evaluated by Defendant Officer Cody Clark.  McCormack at first stated he was not under the influence of any drug, but later admitted to GHB use. Defendant Clark did not put McCormack on heightened watch.

18. At or around 11:45 AM, McCormack's condition began to worsen.  He began to vomit, had difficulties standing up, and could not focus.

19. Around this time, Defendant Jail Medical Officer Steve Watz evaluated Mr. McCormack and suggested to Defendant Deputy Sulouff that he should be taken to the hospital, but that request was ignored.

20. At or around 1:30 PM, Defendant Medical Officer Clark finally gave Detention Sergeant Randy Starr a verbal directive to place McCormack on heightened time checks but by this time, McCormack's physical state was quickly declining.

21. At or around 2:43 PM, McCormack was found to be unresponsive and not breathing.

22. Denton Fire and EMS were called, and McCormack was transported to Medical City hospital in Denton, Texas.

23. McCormack then spent five days at Medical City hospital in Denton, but resuscitation efforts were unsuccessful.

24. McCormack was pronounced dead on 5 September 5, 2017 at 6:47 PM due to the effects of a methamphetamine overdose.

## VI. CLAIM 1:

### 42 U.S.C. §1983- 8TH Amendment Cruel and Unusual Punishment [Against Does 1-50- Deliberate Indifference to a Serious Medical Need]
(Brought by the Estate of Stephen McCormack, by and through his Administrator, Susan Hale)

25. Each of the paragraphs of this Complaint are incorporated as if fully set forth herein.

26. Prison officials are personally liable for a plaintiff's constitutional deprivation if they acted with "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104 (1986). To allege deliberate indifference the deprivation must objectively be "sufficiently serious…" *Farmer v. Brennan*, 511 U. S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Additionally, the prison official must "know[] of and disregard [] an excessive risk to inmate health or safety…" *Farmer*, 511 U.S. at 837. A plaintiff must show that officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001).

27. Here, there is no evidence of any action that was taken to stop the progression of Mr. McCormack's medical decline.

28. McCormack's death was ultimately caused by the reckless actions of the defendants and the failure of the defendants to obtain timely medical treatment.  Had the jailers or medical staff provided timely and effective treatment and not ignored McCormack's clear symptoms of drug overdose, McCormack's life would have likely been saved.

29. As a result of the defendant's deliberate indifference to McCormack's serious medical needs, plaintiff was subjected to cruel and unusual punishment prohibited by the Eight

Amendment of the United States Constitution.  As a result, plaintiff is entitled to damages pursuant to 42 U.S.C. § 1983 in an amount to be proved at trial.

30. The aforementioned acts and/or omissions of the defendants were reckless and/or accomplished with conscious disregard of McCormack's rights thereby entitling plaintiff an award of exemplary and punitive damages according to proof.


## VII.    Claim Two
## 42 U.S.C. § 1983- 8TH Amendment Cruel and Unusual Punishment [Against Does 1-50- Deliberate Indifference to a Serious Medical Need]

31. Each of the paragraphs of this Complaint are incorporated as if fully set forth herein.

32. Pleaded in the alternative, McCormack's deprivation of his clearly established right to adequate medical treatment was caused by Denton County jail officer's deliberate decision to leave McCormack in his cell to suffer through his withdrawal.

33. We know that McCormack's cellmate had desperately and repeatedly made efforts to tell Denton County officers that McCormack was in need to immediate medical attention because as previously alleged, the reports do disclose that other cellmates were present in his cell or transport.

34. These allegations are sufficient to state a claim for deliberate indifference to serious medical needs.  *See id; see also Zidell v. Kanan*, 428 F. App'x 426, 427 (5th Cir. 2011) (intentionally ignoring "repeated requests for medical care" or ignoring a "medical order to be in a wheelchair room," caused the prisoner to fracture his foot, constitutes deliberate indifference to serious medical needs). To be actionable, the detention officers' conduct must demonstrate subjective awareness of a substantial risk of serious harm and a failure to take reasonable measures to abate this risk. *Domino v. Tex. Dep't of Crim. Justice*, 239

F.3d 752, 756 (5th Cir. 2001); *Hare*, 74 F.3d at 636, 648-49 (analyzing *Farmer v. Brennan*, 511 U.S. 825 (1994))

35. As a result of Denton County's deliberate indifference to plaintiff's serious medical needs, plaintiff was subjected to cruel and unusual punishment prohibited by the Eight Amendment of the United States Constitution. As a result, plaintiff is entitled to damages pursuant to 42 U.S.C. § 1983 in an amount to be proved at trial.

36. The aforementioned acts and/or omissions of the defendants were reckless and/or accomplished with conscious disregard of Stephen McCormack's rights thereby entitling plaintiff an award of exemplary and punitive damages according to proof.

## VIII. Claim Three
## 42 U.S.C. § 1983- 8TH Amendment Cruel and Unusual Punishment [Against Defendant Denton County and Defendant Murphree in his Individual Capacity for Failure to Train]

37. Each of the paragraphs of this Complaint are incorporated as if fully set forth herein.

38. Pleaded in the alternative, Denton County is liable for its failure to train Denton County staff to recognize and treat a prisoner's serious medical needs. A County is liable for failing to adequately train jail employees where the County's failure to adopt an adequate training policy in that: "1) the County's training policy procedures were inadequate, 2) the County was deliberately indifferent in adopting its training policy, and 3) the inadequate training policy directly caused the Eighth Amendment violation." *Sanders-Burns*, 594 F.3d at 381 (citing *Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir. 1996)).  "The standard is met when 'the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to

the need." *Id* ( quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)). " The need to act may be obvious because any reasonable person would recognize the need." *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1195 (9th Cir.2002). The second approach, as the Supreme Court hypothesized in *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 n.10 (1989), and analyzed further in *Connick v. Thompson*, 131 S. Ct. 1350, 1360-61 (2011), is the limited exception for "single- incident liability" in a "narrow range of circumstances" where a constitutional violation would result as "the highly predictable consequence" of a particular failure to train. *See also Brumfield*, 551 F.3d at 329.

39. The need to train employees to recognize and address the serious risks associated with methamphetamine withdrawal is obvious.  Failure to treat the effects of a drug overdose, whether complicated by underlying medical conditions or not, can easily result in death. The medical literature and Denton County jail detoxification policy clearly recognizes the severity of withdrawal symptoms and the high probability caused by underlying medical conditions.  As a result of Denton County's failure to sufficiently train its employees, McCormack was passed through intake and assigned a cell in general population in which he would not receive any medical attention for his readily observable dangerous medical condition.

40. Neither the intake screening nurse nor the Denton County medical staff were sufficiently trained to diagnose, address, and treat methamphetamine withdrawal.  The intake screening nurse was not trained to: 1) interpret McCormack's previous inmate health records that showed a history of methamphetamine use; 2) take into account that McCormack was currently in custody for warrant but was arrested after someone witnessed his use of illicit drugs immediately prior to his arrest; 3) to recognize the

obvious signs of methamphetamine intoxication, and; 4) to adequately address the serious medical risks that McCormack would face from overdose and the withdrawal process. Furthermore, the medical staff who treated McCormack on the morning following his incarceration were well aware of McCormack's serious withdrawal symptoms but were inadequately trained to recognize McCormack's serious medical risks.

41. Lack of sufficient training in methamphetamine detoxification was a direct cause of McCormack's death.  Had Denton County staff been adequately trained to recognize any of the signs and risk of acute methamphetamine withdrawal, which is a rather common and frequent task they should be expected to perform, McCormack would not have been housed in general population where his medical needs would go unsupervised.  This demonstrates an obvious lack of training to identity methamphetamine addicts and appropriately assign them to a cell where increased observation is available according to the severity of their withdrawal symptoms.

42. In doing the acts and/or omissions herein alleged, defendants were deliberately indifferent to the serious medical needs to McCormack which caused the unnecessary infliction of pain and physical injury on McCormack, resulting in his untimely death. The actions and inactions of the Denton County staff resulted in the violation of his rights under the Eighth Amendment of the United States Constitution.

43. The aforementioned acts and/or omissions of defendants in violating plaintiff's civil rights were the direct and proximate result of the County's failure to train Denton County staff as alleged herein.

## IX. CLAIM FOUR:
## PLAINTIFF'S CLAIM FOR WRONGFUL DEATH AS TO ALL DEFENDANTS

44.  Each of the paragraphs of this Complaint are incorporated as if fully set forth herein.

45.  Plaintiffs have satisfied the notice requirement for suit against a government entity, through a letter to the Denton County Sheriff.

46.  Plaintiffs bring this claim against the Defendants for wrongful death, under Chapter 71 of the Texas Civil Practice & Remedies Code.  The actions of the Individual Defendants, individually, collectively, and vicariously resulted in the wrongful death of Decedent McCormack and caused harm and damages to Decedent McCormack's mother and heir, Susan Hale.

## X. Claim FIVE:
## Negligence

47. Each of the paragraphs of this Complaint are incorporated as if fully set forth herein.

48. At all times relevant, Defendants had a duty to take reasonable measures to prevent the death of Mr. McCormack.

49. Defendants received actual notice more than once during Mr. McCormack's detention that Mr. McCormack's physical health was rapidly deteriorating.

50. Upon notice of Mr. McCormack's health, Defendants failed to act to get him immediate medical assistance.

51. Defendants were acting within the course and scope of their employment at all times relevant and breached their duty of care to Mr. McCormack by either (a) deviating significantly from the policies and procedures in place to prevent his death or (b) failing to adequately supervise and/or train officers to ensure that proper medical attention was given.

52. But for the intentional and negligent acts and omissions of Defendants and their violations of the standards of care and statute set forth herein, Mr. McCormack would not have died.

Defendants' intentional and negligent acts and omissions therefore amount to wanton negligence, and negligent failure to warn, train, and/or educate.

## XI. CLAIM SIX

### 42 U.S.C. § 1983- Due Process – Deprivation of Familial Relationships

(Brought by Susan Hale, individually against All Defendants)

53. Each of the paragraphs of this Complaint are incorporated as if fully set forth herein.

54. Liability for deprivation of familial relationship exists in this case.

55. As a result of Defendants' acts and/or omissions hereinabove described, including defendants' deliberate indifference to McCormack's serious medical needs, McCormack's mother and heir, Susan Hale, deprived of their constitutional rights to familial association, society, and companionship, without due process of law, in violation of the Fourteenth Amendment of the United States Constitution.

## XII. CLAIM SEVEN

### 42 U.S.C. § 1983- 8TH Amendment Cruel and Unusual Punishment [Against Defendant Denton County and Defendant Murphree in his Individual Capacity for Failure to Treat Medical Needs]

56. Each of the paragraphs of this Complaint are incorporated as if fully set forth herein.

57. The Eighth Amendment protects your rights to medical care. The Constitution guarantees prisoners this right even though it does not guarantee medical care to people outside of prison.  The Supreme Court explained that this is because "[a]n inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).

58. McCormack's decline was witnessed by several jail staff when he was sweating, vomiting, had difficulties standing up, and could not focus, yet he was never treated for these symptoms.

59. It was not until McCormack was found unresponsive in his jail cell that EMS paramedics were finally called, and McCormack was transported to the hospital.

60. Unfortunately, by the time he arrived at the hospital, he had no chance of resuscitation.

61. In doing the acts and/or omissions herein alleged, defendants were deliberately indifferent to the serious medical needs to McCormack which caused the unnecessary infliction of pain and physical injury on McCormack, resulting in his untimely death. The actions and inactions of the Denton County staff resulted in the violation of his rights under the Eighth Amendment of the United States Constitution.

62. The aforementioned acts and/or omissions of defendants in violating plaintiff's civil rights were the direct and proximate result of the County's failure to train Denton County staff as alleged herein.

## XII.   ATTORNEY'S FEES AND COSTS

1. Plaintiffs are entitled to an award of attorney's fees and costs under 42 U.S.C. § 1988.

## XIII.   RELIEF REQUESTED

2. The preceding factual statements and allegations are incorporated by reference.  For these reasons,  Plaintiffs pray for judgment against Defendants, any and all of them, for the following:

      i.   Compensatory damages;

    ii.  Pre-judgment and post-judgment interest;

   iii.  Attorney's fees and expenses;

   iv.  Punitive damages against the Individual Defendants;

    v.  Costs of Court; and

   vi.  Such other and further relief as the Court deems proper.

## XIV.   JURY DEMAND

Plaintiff respectfully demands a trial by jury and has tendered the appropriate fee for the same.

## XV.   PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs' respectfully prays that Defendants, be cited to appear and answer herein.  And that upon a final hearing of the cause, that this Court enter judgment in their favor and against Defendants, awarding compensatory damages, costs, and attorneys' fees as well as punitive damages against each of the Individual Defendants and any other relief this Court deems appropriate.

a. Damages in an amount within the jurisdictional limits of this Court;

b. All damages, penalties, and attorneys' fees allowed by 42 U.S.C. §§ 1983 and 1988, and as otherwise may be allowed by federal law;

c. Pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law;

d. Post-judgment interest at the legal rate;

e. Costs of the court; and

f. Such other and further relief to which Plaintiff may be entitled at law or equity.

Respectfully submitted,

**Law Office of Patrick J. McLain**

/s/ Patrick J. McLain
PATRICK J. McLAIN
State Bar No. 13737480
900 Jackson Street, Suite 635
Dallas, Texas 75202
Telephone: (214) 416-9100
patrick@patrickjmclain.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading shall be served on all Defendants within the 90-day time limit imposed by Fed. R. Civ. P. 4(m).

/s/ Patrick J. McLain
PATRICK J. McLAIN