# United States District Court
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

SUSAN HALE; THE ESTATE OF
STEPHEN McCORMACK

v.

DENTON COUNTY

§
§
§
§
§
§
§

Civil Action No. 4:19-CV-00337
Judge Mazzant

## MEMORANDUM OPINION AND ORDER

Pending before the Court are: (1) Plaintiffs Susan Hale and The Estate of Stephen McCormack's First Motion for Leave to File Amended Complaint Pursuant to Rule 15 (Dkt. #19); (2) Defendant Denton County's Motion to Stay Discovery, Motion to Quash Propounded Discovery, and Motion for Abatement of Any Order for Rule 26 Conference Pending Determination of Defendants' Motions for Judgment on the Pleadings and Asserted Immunities (Dkt. #9); (3) Defendant's Expedited Motion to Reconsider and Rescind Order Governing Proceedings (Dkt. #18); and (4) Defendant's Supplemental Motion to Stay Regarding its Expedited Motion to Reconsider and Rescind Order Governing Proceedings (Dkt. #21).

Having considered the motions and the relevant pleadings, the Court finds that: (1) Plaintiffs' First Motion for Leave to File Amended Complaint Pursuant to Rule 15 (Dkt. #19) should be denied; (2) Defendant Denton County's Motion to Stay Discovery, Motion to Quash Propounded Discovery, and Motion for Abatement of Any Order for Rule 26 Conference Pending Determination of Defendants' Motions for Judgment on the Pleadings and Asserted Immunities (Dkt. #9) should be denied as moot; (3) Defendant's Expedited Motion to Reconsider and Rescind Order Governing Proceedings (Dkt. #18) should be denied as moot; and (4) Defendant's Supplemental Motion to Stay Regarding its Expedited Motion to Reconsider and Rescind Order Governing Proceedings (Dkt. #21) should be denied.

**BACKGROUND**

Plaintiffs allege that on August 29, 2017, officers of the Lewisville, Texas Police Department were dispatched after a complaint that Stephen McCormack was consuming illicit drugs in a public bathroom (Dkt. #1 ⁋ 12).  After the officers arrived and identified Mr. McCormack, Mr. McCormack was arrested and transported to the Lewisville Police Department Jail (Dkt. #1 ⁋⁋ 13–14).  He was then transferred to the Denton County Jail at approximately 10:00 a.m. on August 31, 2017 (Dkt. #1 ⁋⁋ 14–15).

After arriving at the Denton County Jail, Mr. McCormack initially denied that he used drugs, but he later admitted to GHB use (Dkt. #1 ⁋ 17).  However, Plaintiffs allege that Mr. McCormack exhibited clear and obvious signs of "drug intoxication and overdose" (Dkt. #1 ⁋ 15).  Plaintiffs assert that despite several evaluations by prison personnel and a suggestion that Mr. McCormack be taken to the hospital, nothing was done to address Mr. McCormack's quickly deteriorating medical condition (Dkt. #1 ⁋⁋ 16–20).

Mr. McCormack was found unresponsive and not breathing, presumably in his cell (Dkt. #1 ⁋ 21).  Mr. McCormack was then transported to Medical City hospital in Denton, Texas, where he spent five days (Dkt. #1 ⁋⁋ 22–23).  Resuscitation efforts were unsuccessful, and Mr. McCormack was pronounced dead on September 5, 2017, due to the effects of a methamphetamine overdose (Dkt. #1 ⁋⁋ 23–24).

On May 8, 2019, Plaintiff Susan Hale, both in her personal capacity and in her capacity as the personal representative of Mr. McCormack's estate, filed this 42 U.S.C. § 1983 action for alleged violations of Mr. McCormack and Ms. Hale's constitutional rights, wrongful death, and negligence (Dkt. #1).  Plaintiffs named as defendants Denton County, Sheriff Tracy Murphree, and "Does 1–50" (Dkt. #1).  Plaintiffs moved for voluntary dismissal of all claims against Sheriff

Murphree on September 9, 2019 (Dkt. #13).  Defendants did not oppose the voluntary dismissal (Dkt. #15).  The Court entered an order on October 1, 2019, dismissing Sheriff Murphree with prejudice (Dkt. #22).

Prior to Plaintiffs' voluntary dismissal of all claims against Sheriff Murphree, Defendant filed its Motion to Stay Discovery (Dkt. #9).  Defendant argued that discovery should be stayed until the Court ruled on Sheriff Murphree's entitlement to qualified or official immunity (Dkt. #9).  Even after Plaintiffs asked for voluntary dismissal of all claims against Sheriff Murphree, Defendant filed its Expedited Motion to Reconsider and Rescind Order Governing Proceedings, arguing that discovery should be stayed to avoid "imping[ing] upon the County's, and indirectly, Sheriff Murphree's, entitlement to a stay of discovery until threshold immunity issues and dispositive motions have been determined" (Dkt. #18).

On September 23, 2019, Plaintiffs filed its First Motion for Leave to File Amended Complaint Pursuant to Rule 15 (Dkt. #19).  Plaintiffs' proposed First Amended Complaint removed the "Doe" defendants and replaced them with named, putative defendants who, "within the Original Complaint, were named throughout as having interacted with Stephen McCormack" (Dkt. #19 ⁋ 2).  Defendant responded on October 1, 2019 (Dkt. #23).  Defendant also reurged its request to stay discovery, arguing that the Court should "'stand down' on the Order Governing Proceedings" so that the Court can "clearly evaluate the best way to move forward in an orderly fashion" with regard to Defendant's "rights to immunity and dismissal" (Dkt. #21 at p. 2).

**LEGAL STANDARD**

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleading once at any time before a responsive pleading is served without seeking leave of court or the consent of the adverse party.  FED. R. CIV. P. 15(a).  After a responsive pleading is served, "a party

may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the Court to "freely give leave when justice so requires." *Id.* The rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)).

But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to allow amendment "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) may consider "whether there has been 'undue delay, bad faith or dilatory motive, . . . undue prejudice to the opposing party, and futility of amendment.'" *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (quoting *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996)).

The Court has discretion to deny a request to amend if amendment would be futile. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000) (citation omitted). Futility in the Rule 15(a) context means that the complaint, once amended, would still fail to state a claim upon which relief could be granted under the Rule 12(b)(6) standard. *Id.* at 873.

## ANALYSIS

Because Plaintiffs' attempt to amend their complaint for the purpose of replacing the "Doe" defendants with named defendants would be futile, the Court denies leave to amend. The statute of limitations for a § 1983 action is determined by the state's personal injury limitations period. *Whitt v. Stephens Cty.*, 529 F.3d 278, 282 (5th Cir. 2008).[1] For an injury resulting in death, that period is two years after the death of the injured person under Texas law. TEX. CIV. PRAC. & REM.

---

[1] Because Plaintiffs have conceded their negligence and wrongful death claims, only the § 1983 limitation period is relevant (Dkt. #19 ¶ 3; Dkt. 12 ¶¶ 8–9).

CODE § 16.003. Mr. McCormack was pronounced dead on September 5, 2017 (Dkt. #1 ¶ 24). Plaintiffs requested leave to amend their complaint on September 23, 2019 (Dkt. #19). Plainly, more than two years separates the two.

Plaintiffs concede the fact that the "statute of limitations on [Plaintiffs'] § 1983 claims has presumably passed," but submits that the amendments relate back to the filing of the original complaint under Federal Rule of Civil Procedure 15(c)(1)(C) (Dkt. #19 ¶ 21). Plaintiffs are mistaken.

The Fifth Circuit has "clearly held that 'an amendment to substitute a named party for a John Doe does not relate back under Rule 15(c).'" *Winzer v. Kaufman Cty.*, 916 F.3d 464, 471 (5th Cir. 2019) (quoting *Whitt*, 529 F.3d at 282–83). This is true even where a plaintiff works diligently to identify the putative defendants—Rule 15(c) requires a "mistake concerning the identify of a party." FED. R. CIV. P. 15(c)(1)(C). "[F]ailing to identify individual defendants cannot be characterized as a mistake." *Winzer*, 916 F.3d at 471 (quoting *Jacobsen*, 133 F.3d at 321). Plaintiffs' failure to identify the putative defendants cannot be characterized as a Rule 15(c) "mistake" under well-established Fifth Circuit precedent.[2]

The statute of limitations on Plaintiffs' claims has run, and Plaintiffs cannot use Rule 15(c) to relate the proposed amendments back to the date of the original pleading. Granting leave to amend would be futile. Accordingly, the Court denies Plaintiffs' First Motion for Leave to File Amended Complaint Pursuant to Rule 15 (Dkt. #19).[3]

---

[2] Here, Plaintiffs *knew* the identities of the putative defendants but chose not to name them as defendants in the original complaint. As Plaintiffs admit: "The Proposed First Amended Complaint removes the 'Doe' designations and replaces them with the names of various individuals who[,] within the Original Complaint, were named throughout as having interacted with Stephen McCormack" (Dkt. #19 ¶ 2).

[3] Plaintiffs also sought leave to amend in order to remove the claims they had conceded and to clarify the remaining claims (Dkt. #19 ¶¶ 3–4). Plaintiffs may seek leave again to accomplish these other, worthwhile goals.

After denying Plaintiffs' leave to amend, the only remaining defendant is Denton County. When Sheriff Murphree was still a defendant, Defendant Denton County argued that discovery should be stayed until the Court ruled on Sheriff Murphree's entitlement to qualified or official immunity (Dkt. #9). Yet even *after* Plaintiffs moved to voluntarily dismiss all claims against Sheriff Murphree, Defendant filed its Expedited Motion to Reconsider and Rescind Order Governing Proceedings, arguing that discovery should be stayed to avoid "imping[ing] upon the County's, and indirectly, Sheriff Murphree's, entitlement to a stay of discovery until threshold immunity issues and dispositive motions have been determined" (Dkt. #18). And Defendant now demands that the Court "'stand down' on the Order Governing Proceedings" so that the Court can "clearly evaluate the best way to move forward in an orderly fashion" with regard to Defendant's "rights to immunity and dismissal" (Dkt. #21 at p. 2).

Municipalities are not entitled to qualified immunity. *E.g.*, *Owen v. City of Indep.*, 445 U.S. 622, 638 (1980). Defendant—a municipality—repeatedly requested to stay discovery on the basis of Sheriff Murphree's assertion of qualified immunity and official immunity. The Court has dismissed all of Plaintiffs' claims against Sheriff Murphree (Dkt. #22). No qualified immunity defense is available to any remaining party—thus, no stay of discovery is warranted. *See Grumbles v. Livingston*, 706 F. App'x 818, 820 (5th Cir. 2017) (per curiam) (citing *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)) ("It is common for a district court to order a stay in discovery *when a court is considering an immunity defense* . . .") (emphasis added).

Accordingly, Defendant's requests to stay discovery and rescind the order governing proceedings based on Sheriff Murphree's entitlement to qualified or official immunity[4] are denied

---

[4] (Dkt. #9); (Dkt. #18).

as moot, and Defendant's most-recent request to stay discovery and rescind the order governing proceedings[5] is denied.

## CONCLUSION

It is therefore **ORDERED** that: (1) Plaintiffs Susan Hale and The Estate of Stephen McCormack's First Motion for Leave to File Amended Complaint Pursuant to Rule 15 (Dkt. #19) is **DENIED**; (2) Defendant Denton County's Motion to Stay Discovery, Motion to Quash Propounded Discovery, and Motion for Abatement of Any Order for Rule 26 Conference Pending Determination of Defendants' Motions for Judgment on the Pleadings and Asserted Immunities (Dkt. #9) is **DENIED as moot**; (3) Defendant's Expedited Motion to Reconsider and Rescind Order Governing Proceedings (Dkt. #18) is **DENIED as moot**; and (4) Defendant's Supplemental Motion to Stay Regarding its Expedited Motion to Reconsider and Rescind Order Governing Proceedings (Dkt. #21) is **DENIED**.

**SIGNED this 4th day of November, 2019.**


_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[5] (Dkt. #21).