# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SUSAN HALE; the ESTATE OF STEPHEN McCORMACK § § § *Plaintiff*, § § v. § § DENTON COUNTY § § *Defendant*. § | Civil Action No. 4:19-cv-00337 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Denton County's Motion for Summary Judgment (Dkt. #50). Having considered the motion and the relevant pleadings, the Court finds that Defendant motion should be **GRANTED in part** and **DENIED in part.**

On April 9, 2020, Defendant filed its Motion for Summary Judgment (Dkt. # 50). On May 12, 2020, Plaintiff filed her Response (Dkt. #55). On May 17, 2020, Defendant filed its Reply (Dkt. #57). On June 5, 2020, Plaintiff filed her Sur-Reply (Dkt. #60). On June 9, 2020, Defendant filed its Motion to Strike Plaintiff's Sur-Reply as Untimely (Dkt. #61).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*,

477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or

weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

As an initial matter, Plaintiff no longer advances a failure to train claim against Denton County (Dkt. #55 at p. 2) and does not assert that Denton County failed to conduct a timely welfare check (Dkt. #55 at p. 26). Therefore, these claims are dismissed.

Next, Defendant moved for summary judgment arguing that the Court should dismiss Plaintiff's claims because its employees were not deliberate indifferent to Mr. McCormack's medical needs and Plaintiff cannot establish any deficient policy, practice, or custom of Denton County that caused the alleged violation of Mr. McCormack's federally secured rights regarding appropriate medical care to be provided to pretrial detainees. After a careful review of the record and the arguments presented, the Court is not convinced that Defendant has met its burden demonstrating that there is no material issue of fact as to these claims entitling it to judgment as a matter of law. Accordingly, the Court finds that Defendant's Motion for Summary Judgment should be denied as to these claims.

## CONCLUSION

It is therefore **ORDERED** that Defendant Denton County's Motion for Summary Judgment (Dkt. #50) is **GRANTED in part** and **DENIED in part.**

It is further **ORDERED** that Plaintiff's failure to train and assertion that Denton County failed to conduct a timely welfare check are **DISMISSED with prejudice**.

It is further **ORDERED** that Defendant's Motion to Strike Plaintiff's Sur-Reply as Untimely (Dkt. #61) is **GRANTED.**

**IT IS SO ORDERED.**

**SIGNED this 22nd day of July, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE