# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SUSAN HALE; the ESTATE OF STEPHEN McCORMACK § § § *Plaintiff*, § § v. § § DENTON COUNTY § § *Defendant*. § | Civil Action No.  4:19-cv-00337 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Denton County's Motion to Strike Plaintiff's Expert Disclosure ("First Motion") (Dkt. #40) and Denton County's Second Motion to Exclude Plaintiff's Expert ("Second Motion") (Dkt. #47).  Having considered the motions and the relevant pleadings, the Court finds that Defendant's motions should be **DENIED.**

### BACKGROUND

**I.    Factual Background**

Plaintiff's deadline for filing her expert disclosure was on or before January 16, 2020.  On January 16, 2020, Plaintiff filed her notice of expert disclosure which identified Dr. Yongchan Lee ("Dr. Lee") as an expert consultant and potential expert.  Consequently, Plaintiff disclosures failed to provide a written report or any discussion about the subject matter to which Dr. Lee was expected to testify.  On January 21, 2020, as a result of Plaintiff's deficiencies, Defendant filed its First Motion arguing that Plaintiff's expert disclosure was inadequate and did not meet the requirements of Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b).  Plaintiff opposed Defendant's First Motion, informing the Court that she would make numerous supplementations (Dkt. #43 at p. 1).  On January 26, 2020, Plaintiff submitted her first

supplemental disclosure. On February 3, 2020, Plaintiff submitted her second supplemental disclosure.

In the present case, Dr. Lee intends to testify that Denton County's staff should have recognized Mr. McCormack needed immediate medical attention and that Mr. McCormack would have survived had he been taken to the hospital after his initial evaluation and second evaluation. In response to Plaintiff's supplementations, Defendant filed its Second Motion arguing that Dr. Lee's testimony failed to meet the criteria for admissibility set forth in *Daubert*.

## II.     Procedural Background

On January 1, 2020, Defendant filed its First Motion (Dkt. #40). On February 5, 2020, Plaintiff filed her Response (Dkt. #43). On February 9, 2020, Defendant filed its Reply (Dkt. #44).

On February 26, 2020, Defendant filed its Second Motion (Dkt. #47). On March 3, 2020, Plaintiff filed her Response (Dkt. #48). On March 12, 2020, Defendant filed its Reply (Dkt. #49).

## LEGAL STANDARD

### I.     Untimely Expert Report

Parties must make timely expert-witness disclosures within the deadlines set by the Court's Scheduling Order. *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, No. 3:16-CV-2255-L, 2019 WL 1436659, at *21 (N.D. Tex. Mar. 31, 2019) (citing FED. R. CIV. P. 26(a)(2)(D)). "A district court may grant a party leave to supplement an expert's report after the deadline in the scheduling order has expired, but only if good cause is shown under Rule 16(b)." *Id.*

The Court considers four factors is evaluating whether good cause exists: (1) the explanation for the failure to timely disclose; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *See Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

## II.    Federal Rule of Evidence 702

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. FED. R. EVID. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court instructed courts to function as gatekeepers, and determine whether expert testimony should be presented to the jury. 509 U.S. 579, 590–93 (1993). Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The party offering the expert's testimony has the burden to prove that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590–91. A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." FED. R. EVID. 702. Moreover, to be admissible, expert testimony must be "not only relevant but reliable." *Daubert*, 509 U.S. at 589. "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kuhmo*, 526 U.S. at 147).

In deciding whether to admit or exclude expert testimony, the Court should consider numerous factors. *Daubert*, 509 U.S. at 594. In *Daubert*, the Supreme Court offered the following, non-exclusive list of factors that courts may use when evaluating the reliability of expert testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the challenged method; and (4) whether the theory or technique is generally

accepted in the relevant scientific community. *Id.* at 593–94; *Pipitone*, 288 F.3d at 244. When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Daubert*, 509 U.S. at 595.

The *Daubert* factors are not "a definitive checklist or test." *Id.* at 593. As the Supreme Court has emphasized, the *Daubert* framework is "a flexible one." *Id.* at 594. The test for determining reliability can adapt to the particular circumstances underlying the testimony at issue. *Kuhmo*, 526 U.S. at 152. Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Expl. & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (citations omitted).

## ANALYSIS

Defendant argues that Plaintiff's expert disclosures should be struck pursuant to Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). Next, Defendant argues—in response to Plaintiff's supplementations—that Plaintiff's expert should be excluded pursuant to Rule 702. The Court, having considered Defendant's Motions, finds that both motions should be denied.

**I.**     **Untimely Expert Report**

At the outset, the Court notes that, though Plaintiff initially failed to provide a written report as required by Federal Rule of Civil Procedure 26(a)(2)(B), the appropriate remedy would have been supplementation. Indeed, supplementation is appropriate to cure the prejudice of nondisclosure. *See Avneri v. Hartford Fire Ins. Co.*, 4:16-CV-00917, 2017 WL 4517955, at *3 (E.D. Tex. Oct. 10, 2017) (Mazzant, J.).

Here, Defendant requests the Court to strike Plaintiff's expert disclosures because Plaintiff did not comply with the requirements of Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). Specifically, Defendant contends that Plaintiff should be precluded from providing any

expert testimony in this case because Plaintiff did not provide a written report, did not mention the subject matter on which the expert was expected to present evidence, and did not provide a summary of the facts and opinions to which the expert was expected to testify. In her Reply, Plaintiff notes that she would make numerous supplementations in accordance with Rule 26(e). Plaintiff further avers that, the disclosure, while insufficient, was harmless and would be supplemented. The Court agrees. The insufficient disclosure was harmless. Therefore, Plaintiff's supplementation was sufficient to cure any prejudice caused by her nondisclosure.

Even further, the Court finds that Defendant does not suffer significant prejudice from allowing this supplement. As such, because Plaintiff provided a report[1] from Dr. Lee, the harsh remedy of exclusion for failing to timely provide a written report is not needed in this case.[2] Accordingly, the Court will not strike Plaintiff's expert disclosures.

## II. Federal Rule of Evidence 702

In its Second Motion, Defendant argues that Dr. Lee's testimony fails to meet the criteria for admissibility set forth in *Daubert*. Specifically, Defendant posits that Dr. Lee's testimony should be struck because his opinions are not based on a reasonable medical probability; his opinions are not reliable, but appear to be merely a guess on his part; and he is unqualified to offer any opinions concerning the deliberate indifference standard of care owed by Denton County. Plaintiff, in opposition, argues that Defendant's Second Motion should be denied because it fails to indict Dr. Lee's methodology from the perspective of admissibility and only attacks the weight of the evidence. Specifically, Plaintiff contends that Defendant's objections would be better handled on cross examination as to the weight that the jury would give to Dr. Lee's testimony.

---

[1] Defendant has opposed this report in its Second Motion.
[2] The Court does not suggest that the remedy of exclusion is never needed when a Plaintiff fails to provide a written report. To the contrary, the Court simply suggests that, in considering the facts and circumstances of this case, that remedy is not needed here.

The Court again agrees. The Court first addresses whether Dr. Lee is sufficiently qualified to serve as an expert, then turns to Dr. Lee's opinion.

"Whether an individual is qualified to testify as an expert is a question of law." *Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d 607, 614–15 (5th Cir. 2018) (citing *Mathis v. Exxon Corp.*, 302 F.3d 448, 459 (5th Cir. 2002)). Pursuant to Rule 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion." FED. R. EVID. 702; *see also United States v. Bourgeois*, 950 F.2d 980, 987 (5th Cir. 1992) ("[t]o qualify as an expert, 'the witness must have such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth'"); *Kumho Tire Co.*, 526 U.S. at 151, 119 S. Ct. 1167 (stating that a witness may be an expert even if his or her expertise is based purely on experience). Rule 702 does not require "that an expert be highly qualified in order to testify about a given issue." *Williams*, 898 F.3d at 614–15. Indeed, "[a]lthough an expert's qualifications may be less-than-sterling, she may still be certified." *Id.* For all a Court must find "are 'sufficient indicia' that an individual will 'provide a reliable opinion' on the subject . . . ." *Id.* at 625 (citing *Huss v. Gayden*, 571 F.3d 442, 455–56 (5th Cir. 2009)). This is because '[d]ifferences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility.'" *Id.* With that being said, "[a] district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999) (quoting *Holbrook v. Lykes Bros. Steamship Co., Inc.,* 80 F.3d 777, 781 (3d Cir. 1996)). In making the determination of whether an expert is qualified, a district court is afforded "wide latitude." *Id*. at 936–37 (citing *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988 (5th Cir. 1997)). The proponent of expert testimony has the burden of showing that the testimony is reliable. *See*

*United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004); *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc).

Here, the Court finds that, "there is sufficient indicia" that Dr. Lee's opinion may aid the jury who may then determine the truth. *Mobility Workx, LLC v. Cellco P'ship*, 4:17-CV-00872, 2019 WL 5721814, at *14 (E.D. Tex. Nov. 5, 2019) (Mazzant, J.) (citations omitted). Dr. Lee is a staff physician and medical director with a master's degree in medicine and a bachelor's degree in natural sciences. Additionally, Dr. Lee received his board certification from the American Board of Emergency Medicine. The Court is persuaded that this experience—coupled with Dr. Lee's toxicology paper published in 2007—is sufficient to aid the trier of fact in its search for the truth. Accordingly, the Court holds that Dr. Lee is qualified to serve as an expert to the extent his experience enables him to evaluate medical records and make determinations based on those records.

Having held that Dr. Lee qualifies to serve as an expert, the Court further agrees with Plaintiff that Dr. Lee should be allowed to testify under Rule 702. Specifically, the Court finds that Defendant's concerns go to the weight of Dr. Lee's testimony, not the admissibility.

"As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)). Defendant here challenges the bases and sources of Dr. Lee's opinion—it claims that his opinions are not based on reasonable medical probability and are not reliable. To be sure, Defendant's argument focuses on what Defendant believes Dr. Lee should have did in reaching his conclusions. "It is for this reason, the Court [concludes] that it [will] not judge [Dr. Lee's]

conclusions themselves." *See Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). As such, cross examination is the proper way to expose these alleged deficiencies. Indeed, cross examination is preferred because "[i]t is the role of the adversarial system, not the court, to highlight weak evidence" *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004); *see also Mobility Workx*, 2019 WL 5721814, at *6. Accordingly, Defendant's Second Motion to strike Dr. Lee is denied.

## CONCLUSION

For the foregoing reasons, it is therefore **ORDERED** that Defendant's Motion to Strike Plaintiff's Expert Disclosure (Dkt. #40) and Motion to Exclude Plaintiff's Expert (Dkt. #47) are hereby **DENIED.**

**SIGNED this 31st day of July, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE